**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS J.F. FIGUEROA-FAGOT, | : | |
| | : | |
| Appellant | : | No. 636 EDA 2023 |

Appeal from the PCRA Order Entered December 1, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009312-2012

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                    **FILED SEPTEMBER 18, 2024**

Carlos J.F. Figueroa-Fagot ("Figueroa-Fagot") appeals *nunc pro tunc* from the dismissal of his untimely first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Figueroa-Fagot's present counsel ("Counsel") has filed a petition to withdraw and a "no-merit" brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm and grant Counsel's petition to withdraw.

The facts underlying Figueroa-Fagot's convictions are not relevant to this appeal. The relevant procedural history is as follows. In 2013, a jury found Figueroa-Fagot guilty of attempted kidnapping, unlawful contact with a minor, interference with custody of children, corrupting the morals of a minor,

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

indecent assault, and simple assault. Following sentencing and a timely appeal,[2] this Court vacated the convictions for unlawful contact with a minor, corrupting the morals of a minor, and indecent assault and remanded for resentencing. **See Commonwealth v. Figueroa-Fagot**, 135 A.3d 656, 2015 WL 8677731 (Pa. Super. 2015) (unpublished memorandum at *3). The trial court, with a new jurist presiding, resentenced Figueroa-Fagot to an aggregate term of fifteen to thirty years of imprisonment to be followed by five years of probation. This Court affirmed the judgment of sentence on February 12, 2019. **See Commonwealth v. Figueroa-Fagot**, 209 A.3d 1057, 2019 WL 546599 (Pa. Super. 2019) (unpublished memorandum at *1, 3). Figueroa-Fagot did not seek allowance of appeal in our Supreme Court.

Figueroa-Fagot filed a *pro se* PCRA petition in April 2021, and the PCRA court appointed counsel ("first PCRA counsel") to represent him. First PCRA counsel filed a **Turner**/**Finley** letter, wherein he asserted Figueroa-Fagot's petition was facially untimely and did not state a time-bar exception. The PCRA court issued a Pa.R.Crim.P. 907 notice indicating that Figueroa-Fagot's first petition was untimely and meritless. Neither first PCRA counsel nor Figueroa-Fagot responded to the Rule 907 notice, and the court dismissed Figueroa-Fagot's first *pro se* PCRA petition.

_____

[2] The Honorable Alice Beck Dubow presided over Figueroa-Fagot's trial and original sentencing proceeding.

In September 2022, Figueroa-Fagot filed a *pro se* notice of appeal *nunc pro tunc*, which the PCRA court regarded as a subsequent PCRA petition. The court appointed new counsel ("second PCRA counsel"), who filed an amended petition. The PCRA court reinstated Figueroa-Fagot's right to appeal the dismissal of his first PCRA petition, but, for reasons not apparent in the record, withdrew second PCRA counsel's appointment. Acting *pro se*, Figueroa-Fagot filed a timely notice of appeal and complied with an order to file and serve a Pa.R.A.P. 1925(b) statement. This Court remanded for the appointment of substitute appellate counsel. The PCRA court thereafter appointed Counsel, who filed a statement of intent to file a no-merit brief in this appeal. *See* Pa.R.A.P. 1925(c)(4). The PCRA court filed a Rule 1925(a) opinion. As noted above, Counsel has filed a petition to withdraw and a no-merit brief in this Court. Figueroa-Fagot has not filed a response.

Prior to addressing the merits of this appeal, we must first consider Counsel's petition to withdraw. In a PCRA matter, an application to withdraw as counsel must comply with the ***Turner/Finley*** requirements:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under ***Turner*** and ***Finley***[ ] and must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation and brackets omitted). If this Court determines counsel has satisfied these technical requirements, we then conduct our own review of the case and if we agree the claims are without merit, we will permit counsel to withdraw and deny relief. *See id*.

Here, Counsel has satisfied the above procedural requirements. Counsel avers that he conscientiously examined the record, sets forth the factual and procedural history of the case, lists the issues Figueroa-Fagot wished to have reviewed, concludes that the present appeal is without merit, and explains the reasons for his conclusions. *See* No-Merit Brief at 8-18. Counsel has also attached to his petition to withdraw a copy of a letter advising Figueroa-Fagot of his conclusions, his intent to withdraw, and Figueroa-Fagot's right to proceed *pro se* or with new counsel. *See* Petition to Withdraw, 12/11/23, Tab A. Counsel's petition and letter indicate he attached copies of his no-merit brief and petition to withdraw. *See id*. Thus, we proceed to conduct an independent review of the record to determine if the appeal lacks merit.

In his no-merit brief, Counsel identifies the following issues for review:

1. [First] PCRA counsel was ineffective for failing to raise [a timeliness exception] that the Covid-19 protocols instituted at the prison, (effectively closing the law library to the general population from March 2020 thru mid[-]2021), qualified to excuse his untimely petition under the PCRA's governmental interference exception.

2. [First] PCRA counsel provided ineffective assistance when he failed to serve [Figueroa-Fagot] with a copy of his **Turner**/**Finley** Letter.

- 4 -

3. [First] PCRA counsel provided ineffective assistance when he failed to consult with [Figueroa-Fagot] through an interpreter and search the entire record for meritorious PCRA issues not recognized or included in [Figueroa-Fagot's first] *pro se* PCRA petition.

No-Merit Brief at 12.

Our standard of review is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA [c]ourt. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

Counsel first addresses Figueroa-Fagot's claim that first PCRA counsel was ineffective for failing to assert Figueroa-Fagot's first *pro se* PCRA petition qualified for an exception to the PCRA time-bar.

Under the PCRA, any petition including a second or subsequent petition shall be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

A petitioner may overcome the PCRA time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1).

*See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).[3] The governmental interference exception under section 9545(b)(1)(i) requires a petitioner to establish that the alleged interference violated the Constitution or the laws of this Commonwealth or Constitution or laws of the United States and delayed the presentation of a claim. *See* 42 Pa.C.S.A. § 9545(b)(1)(i); *Albrecht*, 994 A.2d at 1095.

A petitioner has a right to counsel on his first PCRA petition, even if the petition is facially untimely. *See Commonwealth v. Min*, --- A.3d ---, ---, 2024 WL 3574145, at *2 (Pa. Super. July 30, 2024). "In cases that appear to be untimely, counsel is principally appointed to determine whether any exceptions to the timeliness requirements of the PCRA apply." *Id*. (internal citation omitted). Pursuant to *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021), a petitioner may raise claims of PCRA counsel's ineffective assistance at the first opportunity to do so, even if on an appeal.[4] To prevail

---

[3] A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

[4] In his subsequent petition to reinstate his right to appeal the dismissal of his first *pro se* PCRA petition, Figueroa-Fagot asserted he lacked notice of the order dismissing his first *pro se* PCRA petition and first PCRA counsel was
*(Footnote Continued Next Page)*

on an ineffective assistance of counsel claim, the petitioner has the burden to prove: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Commonwealth v. Benner*, 147 A.3d 915, 920 (Pa. Super. 2016) (citations and quotations omitted). The failure to satisfy any of these prongs is fatal to a petitioner's claim. *See id*.

Here, Figueroa-Fagot's conviction became final on March 14, 2019, after this Court affirmed the judgment of sentence on February 12, 2019, and he did not seek allowance of appeal. Thus, Figueroa-Fagot had until March 16, 2020 to file a facially timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1), (3); Pa.R.A.P. 1113.[5] Figueroa-Fagot's first *pro se* PCRA petition, filed in April of 2021, was facially untimely. Therefore, Figueroa-Fagot bore the burden of

_____

ineffective for failing to serve him with a copy of his *Turner*/*Finley* letter. After the PCRA court reinstated his appellate rights, Figueroa-Fagot filed a *pro se* Rule 1925(b) statement asserting first PCRA counsel was ineffective failing to argue a timeliness exception due to the Covid-19-related restrictions on prison library access. Figueroa-Fagot was not represented at the time he filed his *pro se* Rule 1925(b) statement. Under these circumstances, we conclude Figueroa-Fagot preserved his claims that PCRA counsel was ineffective for failing to argue a timeliness exception. *Cf*. *Commonwealth v. McCready*, 295 A.3d 292, 298 (Pa. Super. 2023) (addressing claims of prior PCRA counsel's ineffective assistance in a *nunc pro tunc* appeal from the dismissal of a first PCRA petition).

[5] March 14, 2020, was a Saturday; therefore, the one-year time for filing a facially timely PCRA petition expired on the following business day, March 16, 2020. *See* 1 Pa.C.S.A. § 1908.

establishing an exception excused the untimely filing of his petition. **See Spotz**, 171 A.3d at 678.

Counsel summarizes Figueroa-Fagot's assertions that a prison lockdown, which began sometime in March 2020 due to the Covid-19 pandemic, prevented him from accessing the prison library and timely filing his first *pro se* PCRA petition. Counsel concludes this assertion is meritless and explains Figueroa-Fagot had until around March 14, 2020,[6] to file a facially timely PCRA petition, and the lockdown could not have prevented Figueroa-Fagot from so doing. Counsel adds that he found no other basis to assert Figueroa-Fagot's first *pro se* PCRA petition fell within a time-bar exception.[7]

We agree with Counsel's conclusion that this issue is meritless, but for different reasons. Without an assertion of illegality by government officials, restrictions imposed on library access do not establish governmental interference. **See Albrecht**, 994 A.2d at 1095 (rejecting a claim that restrictions on a capital inmate limited his ability to prepare a *pro se* PCRA petition where the petitioner failed to show the conditions of his incarceration were illegal); **Commonwealth v. Bankhead**, 217 A.3d 1245, 1248 (Pa. Super. 2019) (stating allegations of restrictions on access to a prison library

_____

[6] Although Counsel stated that the time for filing a facially timely PCRA petition ended on March 14, 2020, as discussed previously, the deadline ended on the March 16, 2020. This discrepancy does not affect our decision.

[7] The PCRA court stated only that Figueroa-Fagot's first *pro se* PCRA petition "was time barred with no exceptions." **See** PCRA Court Opinion, 8/29/23, at 6.

did not establish governmental interference without an assertion of illegality on the part of government officials); ***Commonwealth v. Rizvi***, 166 A.3d 344, 348 (Pa. Super. 2017) (concluding limited library access and restrictive housing status did not establish governmental interference absent allegations the prison policies violated constitutional or state laws). Applying this principle, this Court, albeit in unpublished decisions, has consistently rejected claims that Covid-19-related lockdowns, or restrictions on prison library access, constitutes governmental interference. ***See***, ***e.g.***, ***Commonwealth v. Lambing***, 297 A.3d 738, 2023 WL 3034317 (Pa. Super. 2023) (unpublished memorandum at *3 and n.7) (collecting decisions), *appeal denied*, 305 A.3d 960 (Pa. 2023).[8]

Here, there is no indication that any restraints on Figueroa-Fagot's ability to access the prison library was unlawful or illegal. Thus, we discern no arguable merit to Figueroa-Fagot's claim a Covid-19-related lockdown excused the untimely filing of his first *pro se* PCRA petition. Because first PCRA counsel cannot be held ineffective for failing to raise a meritless claim, Figueroa-Fagot intended claim fails. ***See Commonwealth v. Rivera***, 199 A.3d 365, 385 (Pa. 2018) (noting that counsel cannot be found ineffective for failing to raise a meritless claim); ***Albrecht***, 994 A.2d at 1093 (noting that the time requirements of the PCRA are jurisdictional in nature). Moreover, our independent review confirms Counsel's conclusion that the record does

---

[8] ***See*** Pa.R.A.P. 126(b) (permitting citation to non-precedential memorandum decision of the Superior Court filed after May 1, 2019).

not support another basis for Figueroa-Fagot to allege that first PCRA counsel was ineffective for failing to establish a time-bar exception. For these reasons, we agree with the Counsel assessment that this issue is meritless, and we affirm the PCRA court's conclusion that Figueroa-Fagot's petition was untimely.

Our decision to affirm the dismissal of Figueroa-Fagot's first *pro se* PCRA petition as untimely is dispositive of the remaining two issues identified by Counsel. Figueroa-Fagot intends to assert that first PCRA counsel was ineffective for failing to provide a copy of his ***Turner***/***Finely*** letter and investigating possible meritorious issues for PCRA review. However, such assertions cannot establish prejudice. ***See generally Benner***, 147 A.3d at 920. Specifically, absent any allegation or record support for a viable timeliness exception to the PCRA time-bar, Figueroa-Fagot cannot establish that the outcome in the PCRA court would have been different. ***See Albrecht***, 994 A.2d at 1093. Accordingly, we agree with Counsel's conclusion that this appeal is meritless.

Order affirmed. Petition to withdraw granted.

President Judge Emeritus Bender joins this decision.

Judge Dubow did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date:  9/18/2024